(76 Misc. Rep. 573.)

### FLYNN v. PRUDENTIAL LIFE INS. CO. et al.

(Supreme Court, Appellate Term, Second Department. May, 1912.)

INSURANCE (§ 665*)—ACTION ON POLICY—RIGHT OF ASSIGNEE—NEW TRIAL.

> An administrator having sued to recover the proceeds of a policy on decedent's life, D. intervened, claiming the policy under an assignment. D.'s evidence in proof of the assignment could have been excluded as incompetent, and there was corroborative evidence consistent with the theory that the policy was deposited with him as security for an indebtedness and further payment of premiums, and that decedent on his deathbed believed that he still owned the policy. *Held* that, judgment having been rendered in favor of the assignee, plaintiff was entitled to a new trial, so that he might recover the proceeds of the policy; the assignee being left to the presentation of the claim against the decedent's estate for the money due him.

> [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. § 665.*]

Appeal from Trial Term, Kings County.

Action by Herbert A. Flynn, as administrator of Edward Flynn, deceased, against the Prudential Life Insurance Company, in which Raymond F. Dyer interpleaded. From a judgment in favor of Dyer, plaintiff appeals. Reversed, and new trial ordered.

Argued before KELLY, JAYCOX, and CLARK, JJ.

O'Neill & O'Neill, for appellant.

Samuel Roachford, for respondent.

PER CURIAM. The evidence of an assignment of the policy is very meager. As far as defendant Dyer is concerned, it was brought out by cross-examination entirely; whereas, the administrator could have excluded it all by objecting under section 829 of the Code. The corroborating testimony of the witness Mapp is entirely consistent with the theory that deceased deposited the policy with Dyer as security for his indebtedness and for further payment of premiums, while the evidence of the witness Mrs. Ross clearly shows that on his deathbed the deceased believed he still owned the policy. Therefor, while we are slow to interfere with a judgment on the ground that it is contrary to the evidence, it would appear that justice requires a reversal of this judgment, to the end that the administrator may recover the amount of the policy, that Dyer may present whatever claim he has for money loaned or premiums advanced, and that the administrator may pay the undertaker's bill.

Judgment reversed, and new trial ordered, with costs to abide event.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.